IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANQUE VALIANT SA successor in interest to BANQUE ROMANDE VALIANT SA Bundesplatz 4, 3011 Bern, Switzerland <br><br> Plaintiff, <br> v. <br><br> PATRICK MERCIER 2208 Chardonnay Circle Gibsonia, Allegheny County, PA 14044 USA <br><br> Defendant. | Civil Action No. <br><br><br> Electronically Filed |

**COMPLAINT FOR RECOGNITION OF FOREIGN COUNTRY MONEY JUDGMENT PURSUANT TO PENNSYLVANIA UNIFORM FOREIGN MONEY JUDGMENT RECOGNITION ACT, 42 P.S. §§22001 ET SEQ.**

Plaintiff Banque Valiant SA, as successor in interest to Banque Romande Valiant SA, by and through its undersigned counsel, Buchanan Ingersoll & Rooney, PC, for its Complaint against defendant Patrick Mercier, alleges and states as follows:

**I.      NATURE OF THE ACTION**

1. This is an action to enforce the terms of a foreign judgment entered on September 20, 2012 by the Cantonal Court of Jura, Swiss Confederation ("Swiss Court") in favor of Plaintiff Banque Valiant SA, successor in interest to Banque Romande Valiant SA, against Defendant Patrick Mercier for a total sum of €524,974.83 Euros, plus interest in an action captioned *Banque Valiant SA (succeeding Banque Romande Valiant SA as the result of merger) and Patrick Mercier* (the "Swiss Action"). A true and correct copy of the Swiss Judgment is attached hereto as Exhibit "A."

## II. THE PARTIES

2. Plaintiff Banque Valiant SA, the successor in interest to Banque Romande Valiant SA, ("Plaintiff") is an entity organized under the laws of the Swiss Confederation with a principal business address of Bundesplatz 4, 3011 Bern, Switzerland.

3. On information and belief, Defendant Patrick Mercier ("Defendant") is a Pennsylvania resident residing at 2208 Chardonnay Circle, Gibsonia, Allegheny County, Pennsylvania 14044.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332(a)(2) because Plaintiff is a citizen or subject of a foreign state and Defendant is a citizen of the Commonwealth of Pennsylvania and because the matter in controversy exceeds $75,000 U.S., exclusive of interest and costs.

5. Venue is proper in this district and division because, upon information and belief, Defendant is a resident of this district and division.

## IV. BACKGROUND

6. On or about October 4, 2007 Banque Jura Laufon entered into a loan agreement with the Defendant pursuant to which Banque Jura Laufon loaned the Defendant €500,000 Euros. Further, the loan was subject to an interest at a rate of 4.5% *per annum* with the interest payable on March 31st, June 30th, September 30th and December 31st of the applicable years.

7. The loan agreement entered into between the parties was a loan within the meaning of Article 312 *et sequentes [Swiss]* Code of Obligations.

2

8. On December 16, 2010, Banque Romande Valiant SA, as the successor-in-interest to Banque Jura Laufon, filed a statement of claim before the Swiss Court seeking payment pursuant to the terms of the loan agreement ("Statement of Claim"). A statement of claim is the Swiss equivalent of a Complaint in the United States' court systems. The Swiss Statement of Claim contains the designation of the parties and their representatives, if any; the prayers for relief; a statement of the value in dispute; the relevant allegations of fact; notice of the evidence that will be offered to support each allegation of fact; and the date and signature of the filing party. *See*, Article 155 of the Jura Code of Civil Procedures.

9. Plaintiff is successor-in-interest to Banque Romande Valiant SA and to Banque Jura Laufon.

10. On March 30, 2012, the Swiss Court issued an order serving the Statement of Claim on the Defendant. On April 14, 2012, the Statement of Claim was served on the Defendant. Defendant was given three weeks from the April 14, 2012 service to prepare and serve his reply to the Plaintiff's Statement of Claim. Pursuant to the March 30, 2012 order, a hearing was set for September 20, 2012 at 09:00 hours local Swiss time. *See* Ex. B.

11. The Defendant failed to comply with the Court's March 30, 2012 order and he failed to reply to the Statement of Claim. Defendant also failed to pay the required legal fees set forth in the March 30, 2012 order. As a result, the Court entered an order on June 14, 2012 ruling that Defendant forfeited his right to produce a written defense and again ordering that he submit the required legal fees on or before July 6, 2012. Per the Court's March 30, 2012 order, the June 14, 2012 order was filed on Defendant's behalf at the registry of the Swiss Court.

12. Although he forfeited his right to produce a written response to the Plaintiff's Statement of Claim, Defendant still had the opportunity to appear at the hearing scheduled for September 20, 2012. *See* Ex. B.

13. The hearing was held on September 20, 2012, and the Defendant failed to appear. The Swiss Court concluded that Defendant had been properly notified of the hearing but that neither the Defendant, nor anyone on his behalf, appeared at the hearing.

14. At the hearing, the Plaintiff submitted evidence supporting its Statement of Claim. Plaintiff submitted additional evidence that, since the Statement of Claim was filed in December 2010, the Defendant had made no further payments under the loan agreement.

15. Because the Defendant failed to submit a written reply to the Statement of Claim, failed to appear for the hearing, failed to provide an excuse for his non-appearance, and failed to pay the required legal fees, the Swiss Court ruled that he was formally in default.

16. Defendant's default was formally established and declared by the Swiss Court, and, pursuant to Swiss law (Article 204 *et sequentes* of the Jura Code of Civil Procedures), a non-adversarial hearing was held on Plaintiff's Statement of Claim.

17. On September 20, 2012, a judgment was entered by the Swiss Court in the amount of €524,974.83 Euros plus interest from May 1, 2010 on the principal of €500,000 Euros and interest from April 15, 2012 on the sum of €24,974.83 Euros.

18. The Swiss Court further awarded 22,000 Swiss Francs for legal expenses advanced by the Plaintiff as well as 23,876.60 Swiss Francs in legal fees to the Plaintiff.

19. Together, the total aggregate amount reflected in paragraphs 18 and 19 ("Swiss Judgment") is valued in excess of $750,000 U.S. Dollars, based on the most recent foreign currency exchange rates.

20. Defendant has failed and refused to pay or otherwise satisfy the Swiss Judgment.

## COUNT I
## RECOGNITION AND ENFORCEMENT OF A FOREIGN JUDGMENT

21. Plaintiff incorporates Paragraphs 1 through 20 as if fully set forth herein.

22. The Swiss Confederation provides impartial tribunals and procedures compatible with the requirements of due process of law in the United States and in the Commonwealth of Pennsylvania.

23. The Plaintiff and the Swiss Court effectuated personal service of process on Defendant in April 2012. Defendant ignored the service of process. Despite being properly served, the Defendant failed to issue a written reply to the Plaintiff's Statement of Claim and refused to pay the required legal expenses.

24. After being properly served, Defendant refused to participate in the Swiss Litigation.

25. At all times relevant hereto, the Swiss Court adhered to Swiss law regarding the entry of a default judgment.

26. On September 20, 2012, pursuant to relevant Swiss law, the Swiss Court entered default judgment against Defendant.

27. The Swiss Judgment is a foreign judgment within the meaning of the Pennsylvania Uniform Foreign Money Judgment Recognition Act, 42 P.S. §22002.

28. Under the applicable Swiss law, the judgment in this case is final and conclusive and is enforceable against Defendant.

29. Pursuant to the Pennsylvania Uniform Foreign Money Judgment Recognition Act, 42 P.S. §§ 22003 and 22009, the Judgment entered in the Swiss Action is conclusive between Plaintiff on the one hand and Defendant on the other and is enforceable in the same manner as judgments of the court of another state that are entitled to full faith and credit.

30. Plaintiff is therefore entitled to (a) recognition and enforcement of the Swiss Court's Judgment as a judgment of this Court and (b) expedited determination as to the matter of such recognition and enforcement.

WHEREFORE, Plaintiff Banque Valiant SA respectfully requests that this Court:

(i) Recognize the judgment of the Swiss Court against Defendant Patrick Mercier awarding Plaintiff €524,974.83 Euro plus interest, 22,000 Swiss Francs for legal expenses advanced by the Plaintiff and 23,876.60 Swiss Francs in legal fees to the Plaintiff;

(ii) award Plaintiff its costs and expenses including attorneys' fees incurred in this action; and

(iii) award Plaintiff such other and further relief as the Court deems just and proper.

Dated: October 1, 2013                    Respectfully submitted,

                                          BUCHANAN INGERSOLL & ROONEY PC


                                          /s/ Patrick R. Malone
                                          Patrick R. Malone (Pa. Id. 206479)
                                          One Oxford Centre, 20th Floor
                                          301 Grant Street
                                          Pittsburgh, PA 15219
                                          Phone: (412) 562-8800
                                          Fax: (412) 562-1041

                                          *Counsel for Banque Valiant SA*

## VERIFICATION

I, Richard Brechbühl, have read the foregoing document and verify that the facts set forth are true and correct to the best of my knowledge, information and belief. To the extent that the foregoing document and/or its language is that of counsel, I have relied upon counsel in making this Verification. I understand that any false statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

By: *R. Brechbühl*

Name: Richard Brechbühl

Title: Banque Valiant, SA, Head of Restructuring Group

DATE: 25.09.2013